UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
VINCENT TERIO,

                      Plaintiff,                        05 Civ. 5918 (RPP)

      - against -                                    **OPINION and ORDER**

MICHAEL JOHANN, SECRETARY OF AGRICULTURE
(USDA"), ROBERT DOAR, COMMISSIONER NEW YORK
STATE OF TEMORARY DISABILITY ASSISTANCE
("OTDA"), AND CATHERINE TOMPKINS, PUTNAM
COUNTY DEPARTMENT OF SOCIAL SERVICES ("PCDSS")
                      Defendants.
-------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On October 13, 2006, Plaintiff, Vincent Terio, moved the Court to reopen his case, which was closed on September 29, 2006 when this Court dismissed all of his claims. (Order and Op., Sep. 29, 2006.) Plaintiff's motion was made pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. (Aff. in Supp. of Mot. for Recons. ¶ 1.) Plaintiff alleges that this "Court overlooked Plaintiff 'Terio's' denial of due process and equal protection clauses. 14th & 5th Amends. Const.. The right to a notice hearing of food stamps, and day in court." (Reply Mem. 1-2.) As Plaintiff is proceeding pro se, his basis for requesting reconsideration will not be limited to Rule 60(b)(5). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Rule 60(b) of the Federal Rules of Civil Procedure permits a court to

> relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no

longer equitable that the judgment have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. Rules Civ. Pro. 60.  Although Plaintiff's case is currently pending on appeal, this Court retains jurisdiction to entertain and deny motions for reconsideration made pursuant to Rule 60(b).  See King v. First American Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002).

Plaintiff argues "that he never committed . . . 3 intentional Food Stamp fraud[s] . . . because the 1st said [Food Stamp] violation by fraud was decided by two . . . court[s] . . . in favor of Terio . . . ."  (Mot. for Recons. ¶ 12.)  Specifically, Plaintiff references two separate cases: (1) a decision by "Philipstown Justice Court, on May 13, 1997 in favor of Terio, no [Food Stamp] fraud and on appeal, Appellate Court, 10th Judicial District also in favor of Terio; and (2) Carmel Justice Court, no FS fraud in favor of Terio, dated April 24, 1998."  (Id.)

First, contrary to Plaintiff's assertion, this Court had already addressed Plaintiff's Fourteenth Amendment due process and equal protection claims in its September 29, 2006 Order and Opinion.  (Order and Op. 12-13.)  Second, the decisions of May 13, 1997 and April 24, 1998 cited by Plaintiff were resolved five years prior to Plaintiff's permanent disqualification from the Food Stamp program, which occurred on May 31, 2002, and Plaintiff could have presented these decisions to the State Commissioner for his consideration when he decided on May 31, 2002 to disqualify Mr. Terio permanently from the Food Stamp program.  (Am. Compl. Ex. 6 at 2.)  In any event, from the exhibits provided by Mr. Terio, the cases cited by Mr. Terio do not rebut the finding that Mr. Terio committed intentional program violations.

The May 13, 1997 Justice Court decision involved a claim brought by the Dutchess Department of Social Services "to recover an alleged overpayment of food stamps and medical benefits to Vincent Terio" "due to his collateral benefits, omitted from a fraudulent application." Town Justice Stephen G. Tomann dismissed the Department of Social Services' suit against Mr. Terio because the Department of Social Services had "made no showing that any money was paid, received, due or not due" by Mr. Terio and that "should fraud be involved, it was not shown" and "[s]hould monies be due and owed for overpayment the basis for any finding of fact in that regard was not presented to [the] Court." (Pl's Notice of Cross Mot. and Opp'n Papers, Ex. A). Thus, in that lawsuit the Department of Social Services failed to provide evidence that it paid any money to Terio, that he had committed fraud, or that he was overpaid.

The April 24, 1998 decision in the Carmel Town Court only reflects that the final disposition of a criminal case brought against Mr. Terio for Welfare Fraud was "People decline Prosc." (Id. at Ex. 9.) Declining to prosecute a criminal case for welfare fraud does not mean welfare fraud could not be proven. While both of these cases against Mr. Terio were dismissed, neither establishes that Mr. Terio did not commit the Intentional Program Violations that subsequently led to his permanent disqualification from the Food Stamp Program. He was permanently disqualified after an Administrative Disqualification Hearing on March 15, 2002, in which the hearing officer found that he had committed a third intentional program violation by making intentional false statements in his July 23, 2001 Food Stamp application. (Am. Compl. Ex. 6 at 2.) This finding

3

was then affirmed by a decision issued by the State Commissioner on May 31, 2002. (Id.)

Petitioner should consider making an application to the State Commissioner to be readmitted to the Food Stamp Program in view of the extensive penalty already suffered, and, if the decision is adverse, subsequently bringing an Article 78 proceeding in the Putnam Country Supreme Court for review of the State Commissioner's decision.

Mr. Terio's October 13, 2006 Motion for Reconsideration in this Court is denied.

IT IS SO ORDERED.

Dated: New York, New York
January 8, 2007

Robert P. Patterson, Jr.
U.S.D.J.

4

Copies of this Order sent to:

*Plaintiff Pro Se*

Vincent Terio
P.O. Box 131
Fishkill, NY 12524

Pro Se Office

*Respondent*

Michael J. Garcia, United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Attn:  Lara K. Eshkenazi
Tel:    212-637-2758
Fax:    212-637-2702

George Anthony Alvarez
New York State Office of the Attorney General
120 Broadway
New York, NY 10271
Tel:    212-416-8663
Fax:    212-416-6077

James A. Randazzo
Santangelo Randazzo & Mangone LLP
151 Broadway
Hawthorne, NY 10532
Tel:    914-328-5590
Fax:    914-328-5591